BOWES, Judge.
The State of Louisiana, through the Department of Public Safety and Corrections, Division of Youth Services, (hereinafter DYS) and Israel Sidney appeal a judgment of the juvenile court finding DYS and Mr. Sidney in contempt of court. Mr. Sidney was sentenced to 10 days in jail, suspended for 30 days as outlined hereinafter; and the Department was fined $500.00. The case is remanded for the following reasons.
J.B. was a juvenile female brought under the jurisdiction of juvenile court in Jefferson Parish on October 4, 1984, when a petition was filed by the district attorney alleging her to be a child in need of supervision. The allegations of the petition were admitted, and J.B. was adjudicated a child in need of supervision. However, it was not until August 6, 1985, that a judgment of disposition was made. At that time, the court granted temporary legal custody of J.B. to the Department of Public Safety and Corrections, DYS, and ordered the Department to provide psychological evaluations and treatment, to be set up within one week, with Dr. William Janzen. The case was then reset for August 21, 1985, to notify the Court of the results of the evaluations. The judgment did not state for whom the evaluations and treatment were ordered.
On August 21, the court maintained temporary legal custody of J.B. with DYS, granting physical custody of J.B. to her aunt. Then, in pertinent part, the court ordered DYS “to immediately provide therapy for the juvenile with Dr. Janzen, and set up a psychological evaluation on the mother with Dr. Janzen.” The court signed the extract of the minutes, which constitutes a written judgment of disposition, in accordance with La.C.J.P. art. 87(C). On that date, August 21, the case was continued to September 4, 1985, “to verify if Josephine is in therapy_” The case was re-set for general review to November 27, 1985.
On September 4th, DYS informed the court that it could not provide therapy for J.B. with Dr. Janzen as he is a private provider, not on contract with the State, and that the Department has no funds for *964 such private therapy. Additionally, J.B. had not begun therapy with anyone, besides Dr. Janzen; nor had her mother been evaluated.
At the September 4th hearing, the signed minute entry states that the State gave oral notice of its intent to file a Rule to Show Cause why DYS should not be held in contempt “for failure to comply with the Court’s order of 8-21-85.” The rule was set for October 16.
DYS applied to this court for supervisory writs, averring that the judge erred when he assigned temporary legal custody of J.B. to DYS for the purpose of providing and finding psychotherapy, citing State in the Interest of Sapia, 397 So.2d 469 (La. 1981). On October 15, 1985, a panel of this court denied writs, stating:
“The issues raised in this writ application were neither timely nor regularly appealed; consequently, the judgment of the juvenile court is now final. We note that in the event of a conviction for contempt of court, there is judidical review.”
On October 16, the contempt hearing was conducted. The signed minutes (which suffice as written judgment in accordance with CJP 87 C) state:
The court finds that Isreal [sic] Sidney, as well as the entire D.P.S. & C./D.Y.S. Dept., is in contempt of Court. The Court fined D.P.S. & C./D.Y.S. $500.00. Fine to be paid by D.Y.S., and not by Isreal [sic] Sidney. The Court sentenced Isreal [sic] Sidney to 10 days in Praish [sic] Prison. Sentence suspended conditioned upon the juvenile being enrolled in therapy with Dr. Janzen, and the Mother being psychiatrically evaluated by Dr. Janzen, within 30 days.
From these findings, defendants have appealed, urging (as best we can determine) that the trial court did not have authority to hold the State and its employee responsible for not performing acts which are prohibited by law; the finding of contempt was not valid under the law and the facts; and contempt of court was not the “proper remedy” in this case.
Finally, DYS argues that the judgment in question is substantially deficient inasmuch as it fails to recite the facts constituting contempt. We agree.
La.C.C.P. art. 225(B) states:
If the person charged with contempt is found guilty the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed.
The minute entry-judgment does not specify the facts which constitute contempt, but merely adjudges the parties to be in contempt and recites the punishment. In his oral reasons, the trial judge discussed several factors, including the fact that Mr. Sidney failed to place the child in an alternate facility, as well as that DYS’ legal counsel recommended the court order be disregarded. However, since Mr. Sidney was the only individual party found in contempt, it is unclear whether the court found the actions of DYS’ legal counsel to be a contemptuous act, and, if so, why said counsel was not included in the contempt citation, or even why Mr. Sidney, rather than counsel, was found to be in contempt.
It does not appear to this court, from the record before us, that Mr. Sidney could have implemented the court’s order without approval from the State office. However, we are not obliged at this time to determine whether his actions actually constituted contempt of court.
This Court is unable to pass on the correctness of the trial judge’s ruling without a clear idea of the factual basis for the finding of contempt. The judgment is substantially incomplete in this regard, and does not meet the requirements of C.C.P. art. 225(B).
Therefore, we set aside the judgment and remand the case; the trial court is ordered to recite the facts which constitute contempt, as well as to state the finding of contempt and the punishment imposed, in compliance with C.C.P. 225(B). Appellee is to pay all costs of this appeal and all other *965 proceedings, including this judgment of contempt of court.
SET ASIDE AND REMANDED.